**UNITED STATES of America,**

v.

**Jose Juan BARAJAS, Defendant.**

**No. 501CR1211H2.**

United States District Court,
E.D. North Carolina,
Western Division.

April 3, 2002.

Joseph Bart Gilbert, Jacksonville, NC, Robert Hood Hale, Jr., Raleigh, NC, Stephen C. Gordon, Federal Public Defender, Raleigh, NC, Jose Juan Barajas, Sebring, FL, for Defendant.

Michael James, Asst. U.S. Atty., Raleigh, NC, for U.S.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on the government's motion to reconsider the court's March 1, 2002, judgment of acquit-tal on count six of the indictment pursuant to Fed.R.Crim.P. 29.

## STATEMENT OF THE CASE

At the close of evidence in defendant Jose Juan Barajas's trial, Barajas moved for a judgment of acquittal on count six. In count six, the government sought forfeiture of any and all property derived from Barajas's conspiracy to distribute marijuana. After considering Barajas's motion and questioning both parties on the applicability of forfeiture, the court ruled that the government's evidence was insufficient to allow the forfeiture issue to proceed to the jury because the government had not proffered evidence connecting Barajas to any property derived from the conspiracy. In its motion for reconsideration, the government contends that it is entitled to seek forfeiture of Barajas's property, even if this property is unknown or unascertainable, as long as the government offers some evidence that Barajas was involved in the conspiracy.

## COURT'S DISCUSSION

■ The statute authorizing forfeiture in this case, 21 U.S.C. § 853, provides for the forfeiture of property derived from the proceeds of certain criminal acts. Any property used to facilitate the commission of these criminal acts is also subject to forfeiture. 21 U.S.C. § 853(a)(2). The precise statutory language defining property subject to forfeiture—"any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of [a crime]"— suggests the statute's breadth of application and hints at the congressional intent behind the passage of this criminal forfeiture law. *Id.* Seizing on this breadth, the government urges that the statute be construed broadly to effectuate the clear purpose of divesting criminals of their ill-

gotten gains. The court agrees with this proposition. However, from a broad· construction of § 853, it does not follow, *a priori*, that § 853 authorizes the forfeiture of unascertained property when the government's evidence is legally insufficient to establish a proper nexus between the defendant and the alleged proceeds of the conspiracy.

The government's present motion to reconsider misapprehends the rationale underlying the court's judgment of acquittal on count six. The government's memorandum in support of its present motion for reconsideration states the issue as: "In a criminal forfeiture proceeding under 21 U.S.C. § 853, may the government seek and the court order the forfeiture of property which cannot be located, has been transferred to a third party, or has been placed beyond the jurisdiction of the court at the time forfeiture is requested." (Gov. mem.2). More properly stated, however, the issue is not whether the court may order forfeiture of property that has been transferred to a third party, for clearly it can, *United States v. McHan*, 101 F.3d 1027, 1043 (4th Cir.1996), but whether the government offered sufficient evidence indicating that Barajas at one time possessed or used property connected to the conspiracy. It is the court's consideration of that question which is determinative.

The government argues that the court erroneously required the government to prove the existence of property before forfeiture may be ordered. Had the court ruled solely on this ground, it would have erred. However, the court's ruling was based on the government's failure to present sufficient evidence connecting the defendant to any property or proceeds of the conspiracy, a determination where the existence of property was relevant. Thus, in reviewing this evidence, the court was concerned with the government's ability to locate any of defendant's property. But the existence of the property was relevant only insofar as it helped the court answer the question raised by defendant's motion: whether the government had presented sufficient evidence connecting the defendant to proceeds or property involved in the conspiracy to sustain the forfeiture count. The court answered this question in the negative,. reasoning that any connection between the defendant and property or proceeds of the conspiracy was entirely speculative given the government's evidence.

■ Indeed, the court recognizes that property need not be in existence at the time the government seeks forfeiture in order for forfeiture to be ordered. *United States v. Amend*, 791 F.2d 1120, 1127 n. 6 (4th Cir.1986); *United States v. Ginsburg*,. 773 F.2d 798 (7th Cir.1985). A contrary rule would encourage criminals, especially in drug cases, to divest themselves of all their assets before going to trial and then use their newly-acquired status as paupers to avoid forfeiture. The criminal forfeiture statute was enacted to prevent just this type of divestment. But the government did not suggest that Barajas transferred any property, just that he was involved in a conspiracy. Citing *Amend*, the government argues that it "need not have offered evidence that the forfeitable assets were still in existence at the time of [defendant's] conviction," 791 F.2d at 1127, n. 6, in order to obtain forfeiture. The court agrees, but the government must offer some evidence that forfeitable assets existed at some time in order to go forward on the forfeiture charge. It is on this score that the government's evidence fails.

■ The court further recognizes that in a criminal forfeiture case, "the government is entitled to a personal judgment against the defendant for the total amount of illegal proceeds obtained by the defendant as a result of the offense, regardless of whether the defendant is *still* in posses-

sion of such proceeds." *United States v. Davis,* 177 F.Supp.2d. 470, 484 (E.D.Va. 2001) (emphasis added). The crucial distinction, of course, is that the government in *Davis* presented sufficient evidence that proceeds derived from illegal activity were in existence at some time, even if those proceeds were later spent, squandered, given away, secreted, or buried. *Cf. United States v. Morgan,* 224 F.3d 339, 342 (4th Cir.2000) (ordering a defendant to forfeit to the government all of the illegal proceeds obtained in the course of a marijuana conspiracy, regardless of the fact that he no longer possessed this total amount). In Barajas's case, however, the government failed to present sufficient evidence linking Barajas to any proceeds. The government did offer evidence suggesting a fairly wide-ranging conspiracy, with more than a dozen individual members, but did little to connect Barajas to the proceeds from the conspiracy or the property connected to the conspiracy. In such a case, the court must DENY the government's motion for reconsideration.

The court's ruling is a limited one, emphasizing sufficiency of the evidence rather than the existence of the property. While there are certain inherent difficulties in proffering evidence that a defendant's property was involved in or derived from an illegal conspiracy, § 853 is sufficiently broad to permit forfeiture of a wide range of property. In order to properly seek forfeiture, however, the government must still create the requisite nexus between the conspiracy and the property, a connection that was absent in Barajas's case.

### CONCLUSION

Based on the foregoing analysis, the court DENIES the government's motion for reconsideration.